| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>Court Address:<br><br>1437 Bannock Street, Denver, Colorado 80202 | |
| **Plaintiff:**<br><br>Eric and Cori Griffin as parents and next friend to Kyrah Griffin, a minor<br><br>v.<br><br>**Defendant:**<br><br>Allstate Insurance Company | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiffs:<br>Jeremy R. Rosenthal, Atty. Reg. No. 34538<br>Law Firm of Jeremy Rosenthal<br>4100 E Mississippi Avenue, Floor 19<br>Denver, Colorado 80246<br>Phone: (303) 825-2223<br>Fax: (303) 825-2224<br>E-mail: jeremy@LFOJR.com | Case Number: 2018CV30714<br><br>Courtroom: 215 |
| **COMPLAINT FOR DAMAGES** | |

COMES NOW Plaintiffs Eric and Cori Griffin as parents and next friend to Kyrah Griffin, a minor by and through their attorneys, Law Firm of Jeremy Rosenthal, and for their Complaint for Damages states and alleges the following:

## I. GENERAL ALLEGATIONS

1. Plaintiffs Eric and Cori Griffin (hereinafter "Plaintiffs") are residents of Weld County, Colorado.

2. Upon information and belief, Defendant Allstate Insurance Company (hereinafter Allstate") is an out of state corporation doing business in Colorado.

3. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1) because Defendant is an out of state corporation and Denver County is named in the Complaint.

4. On or about March 5, 2016, Kyrah Griffin, a minor, was the passenger in a 2009 Subaru Legacy (hereinafter "Subaru") turning left onto 42nd Street coming from northbound Highway 85.

5. At or about that same time and place, Mr. Jose Montes (hereinafter "Montes") was driving a 2000 Chevrolet Silverado (hereinafter "Chevy truck") 1500 traveling southbound on Highway 85 approaching the same intersection at 42nd Street.

6. Montes had a red light.

7. Montes failed to pay attention to the traffic signal.

8. Montes failed to stop for the traffic signals and ran the red light.

9. Montes proceeded through the red light into the intersection and T-boned the right passenger side of the Subaru, in which Kyrah Griffin was a passenger.

10. Upon information and belief, the vehicle driven by Montes was owned, operated, and/or controlled by Montes Construction, Inc.

11. Upon information and belief Montes was in the course and scope of his employment with Montes Construction, Inc.

12. Montes' operation of his vehicle, his failure to obey traffic signals, and his failure to slow, stop, or otherwise avoid colliding with the Subaru was careless and constitutes negligence.

13. As a result of Montes' careless and negligent driving, Kyrah Griffin sustained serious personal injuries.

14. As a result of Montes' careless and negligent driving, Kyrah Griffin suffered catastrophic bodily injury and trauma including, but not limited to: multiple pelvic fractures, traumatic brain injury, concussive syndrome, lacerations, and other injuries more fully detailed in Kyrah's disclosed medical records.

15. As a result of the injuries caused by Montes, Kyrah Griffin was confined to a wheelchair for months and had to finish her tenth grade from home.

16. As a result of the injuries caused by Montes, Kyrah Griffin suffered and continues to suffer bouts of nausea, vomiting, headaches, sleeplessness, depression, pain, lack of mobility and malaise.

17. As a result of Montes' careless and negligent actions, Kyrah Griffin has suffered economic losses and damages including, but not limited to: past and future medical expenses.

18. As a result of Montes' careless and negligent actions and conduct causing the collision, Kyrah Griffin has suffered non- economic damages including, but not limited to: pain and suffering, inconvenience, mental anguish, emotional distress, and impairment of quality of life, and will continue to suffer such damages into the future.

19. As a result of Montes' careless and negligent actions and conduct, Kyrah Griffin has suffered permanent physical impairment and will continue to suffer such losses and damages into the future.

20. As a result of Montes' careless and negligent actions and conduct, Kyrah Griffin has suffered disfigurement and permanent physical scarring.

21. Plaintiff settled her bodily injury claims against the two tortfeasors for a $250,000.00 bodily injury limits from one Defendant and $600,000.00 of a million-dollar policy from another Defendant where four other minors split the other $400,000.00.

22. Plaintiff received permission from Defendant to enter into the above described settlements.

23. At all times relevant to this action, Plaintiff was an "insured" under an automobile liability insurance policy issued by Defendant Allstate Insurance Company (hereinafter "Defendant Allstate") that also provided underinsured motorist benefits pursuant to C.R.S. §10-4-609 in the amount of $100,000.00.

24. The above-referenced insurance policy defined "underinsured motor vehicle" as a "land motor vehicle, the ownership, maintenance or use of which is insured or bonded for **bodily injury** at the time of the accident, but the amount paid for **bodily injury** under such insurance or bonds is not enough to pay the full amount the **insured** is legally entitled to recover as damages" (emphasis in original).

25. Defendant Allstate has denied paying any underinsured motorist benefits whatsoever to Plaintiff on the ground that other persons in the vehicle might have damages that exceed the Defendant Allstate's $300,000.00 policy limit.

26. Plaintiff's damages from this incident exceed the available bodily injury coverage.

27. Plaintiff, through her attorneys, provided documentation to Defendant Allstate that Plaintiff's damages sustained in the automobile accident exceed the available bodily injury coverage.

## II. PLAINTIFF'S FIRST CLAIM FOR RELIEF

### (BREACH OF CONTRACT)

28. Plaintiff incorporates all previous allegations as if more fully set forth herein.

29. Plaintiff has complied with all conditions precedent to coverage under the insurance policy issued by Defendant Allstate to Plaintiff.

30. To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant Allstate has not been prejudiced by the failure to comply.

31. To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant Allstate may not rely on this failure to comply because it breached one or more material obligations under the policy prior to any alleged failure to comply of Plaintiff.

32. Plaintiff's damages exceed all available bodily injury coverage.

33. Defendant Allstate has breached its contract with Plaintiff by denying any underinsured motorist benefits under the policy.

34. As a direct and proximate result of Defendant Allstate's breach of contract, Plaintiff has incurred damages in the amount to be proved at the time of trial.

### III. PLAINTIFF'S THIRD CLAIM FOR RELIEF
### (VIOLATION OF C.R.S. § 10-3-1115(1)(a) AND C.R.S. § 10-3-1116(1))

35. Plaintiff incorporates all previous allegations as if more fully set forth herein.

36. Plaintiff is a "first-party claimant" pursuant to C.R.S. § 10-3-1115(1)(b)(I).

37. Plaintiff's claim for payment of underinsured motorist benefits has been unreasonably delayed or denied and Plaintiff is therefore entitled to reasonable attorney's fees, Court costs and two times the covered benefit pursuant to C.R.S. 10-3-1116(1).

### IV. PLAINTIFF'S FOURTH CLAIM FOR RELIEF
### (Bad Faith Breach of an Insurance Contract)

38. Plaintiff incorporates all previous allegations as if more fully set forth herein.

39. As a provider of insurance services to the public, Defendant Allstate at all times had a duty to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

40. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insureds.

4

Pursuant to its implied duty of good faith and fair dealing, Defendant Allstate owed to Plaintiff an obligation to treat Plaintiff's interests with equal consideration to their own interests.

41. Defendant Allstate has breached its duty of good faith and fair dealing owed to Plaintiff, including but not limited to:

    a. Failing to give equal consideration to the interest of Plaintiff, its insured;

    b. When investigating Plaintiff's claims, failing to diligently search for evidence that supported Plaintiff's claims;

    c. Seeking to discover only evidence that defeated Plaintiff's claims;

    d. Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack of reasonable basis for delaying and/or withholding benefits;

    e. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

    f. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    g. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

    h. Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy by offering substantially less than the amounts Plaintiff is entitled to recover;

    i. Forcing Plaintiff into the costly and lengthy process of litigation;

    k. Attempting to take a coverage position that is clearly contrary to Colorado statutes and case law;

    l. Any further acts which may be discovered.

42. Defendant Allstate's aforesaid conduct was unreasonable and Defendant Allstate either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

43. As a direct and approximate result of Defendant Allstate's breach of its duty of good faith and fair dealing, Plaintiff has sustained damages in the amount to be proved at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Allstate on all claims in an amount to be proved at the time of trial, pre and post judgment interest at the highest rate allowed by law, treble or double damages, costs, expert witness fees and such other and further relief as this Court deems just and proper.

Respectfully submitted this 27th day of February,

*Electronically Filed – Duly signed original signature available at the Law Office of Jeremy Rosenthal*

*/s/ Jeremy R. Rosenthal*
Jeremy R. Rosenthal